UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:23 CR 171 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Rafael Fabian, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the United States of America's Motion to Revoke Order of Release. (Doc. 5). For the following reasons, the motion is denied.

**Facts**

At a detention hearing held in the United States District Court for the Southern District of New York, the attorney for the government summarized the facts underlying the Indictment:

> In or around November 22, 2021, the defendant contacted a confidential source stating that he could obtain bricks of cocaine. A meeting was then set up on or about February 9, 2022 by which the defendant was going to sell three bricks of cocaine outside of Cleveland. Law enforcement then obtained a pen and ping on the defendant's phone. A traffic stop was conducted prior to the meeting where law enforcement stopped a silver Toyota Rav 3 where the defendant was the backseat passenger.

1

> A search was conducted on the vehicle, there was a duffle bag sitting right next to the defendant in the back passenger seat. The bag had three separate packages sealed in plastic. Suspected narcotics were found in the packages and sent to the lab for testing. Most of the suspected narcotics turned not to contain controlled substances, but there were three separate bags containing 17.1 grams total of cocaine.

(Doc. 10 at 9-10). Defendant's attorney added that

> after the car was stopped and after the individuals in the car were arrested, all three of them, they were taken to the police station in Ohio. They were processed, questioned, the usual processing. And then they were released. My client was released. He was given no instructions to return. He was not charged with a crime. He was told that he was free to go. And when he was arrested, he was fingerprinted, he was photographed, he gave them his proper identification, his address in New York. And he left on their instructions.

*Id.* at 15). Defendant was indicted in the Northern District of Ohio on March 23, 2023, on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). After defendant was arrested on April 10, 2023, in New York, the detention hearing was held. The Magistrate Judge concluded that there were conditions, when imposed in combination, which would reasonably assure defendant's appearance in the Northern District of Ohio. In so finding, she concluded that the government failed to prove by clear and convincing evidence that defendant was a danger to the community or establish by preponderance of the evidence that he was a flight risk.

This matter is now before the Court upon the United States of America's Motion to Revoke Order of Release.

**Standard of Review**

"This Court conducts a *de novo* review of a Magistrate Judge's detention order." *United States v. Xiaorong You*, 2019 WL 2426659 (E.D.Tenn. June 10, 2019) (citing *United States v. Villegas*, 2011 WL 1135018, at *4 (E.D. Tenn. Mar. 25, 2011) and *United States v. Romans*, 2000 WL 658042, at *1 (6th Cir. May 9, 2000)).

Based on defendant's charges, there is a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3). Thus, the statutory presumption shifts the burden to defendant to produce evidence that he poses neither a danger to the community nor a risk of flight. A defendant may be detained pending trial if a judge finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *United States v. Stone*, 608 F.3d 939 (6th Cir. 2010). This Court must consider the statutory factors set forth in 18 U.S.C. § 3142(g) to determine whether to detain a defendant pending trial. These factors include the nature and circumstances of the offenses charged, the weight of the evidence against defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by defendant's release.

**Discussion**

Assuming defendant presents evidence to rebut the presumption, the government asks this Court to find that there are no conditions or combination of conditions that would reasonably assure defendant's appearance here or the safety of the community.

Defendant maintains that he has rebutted the presumption by establishing at the detention hearing that he has been cooperative with law enforcement since he was stopped by police and released more than a year ago. He provided his fingerprints, full legal name, and his correct residential address. He has remained at that address where he lives with his fiancé and minor child. After his release, his fiancé drove to Ohio to pick him up. The amount of cocaine, 17.1 grams, is a relatively small amount and is more consistent with personal use than trafficking. Defendant was arrested without incident approximately 14 months after the traffic stop at the

address he had provided. He has lived his entire life in the same community in New York City. The Court agrees with defendant that these circumstances satisfy his burden to present some evidence to rebut the presumption of dangerousness and risk of flight.

The Court must consider the four factors, set forth above, to determine whether there are conditions of release that will reasonably assure defendant's appearance and the safety of any other person and the community.

### a. The Nature and Circumstances of the Crime

The government argues that this factor weighs in favor of detention given that defendant was engaged in a drug deal for three kilos of cocaine with the confidential source, even though a large portion of the drugs were fake. Moreover, the sale of fake narcotics presents a danger due to the likelihood of violence which would result when discovered. The government also asserts that while defendant does not face a mandatory minimum sentence, he qualifies as a career offender under the sentencing guidelines due to his history of controlled substance felonies (four prior convictions for controlled substances since 2006 including a two year sentence in 2011 and four year sentence in 2014) with an expected range of 262-327 months.

Defendant disputes that his career offender status is "clear-cut." Defendant points out that his counsel argued at the detention hearing that it was not charged in the Indictment that he was a career offender, and it was "highly unlikely" that he would be qualified as one. (Doc. 10-1 at 16-17). If he is not a career offender, his guideline range would be 15-21 months. (*Id.*). Nevertheless, defendant maintains that even if he were classified as a career offender, the lengthy advisory guideline range would motivate defendant to comply with bond conditions and would not give him a motivation to flee. Defendant also maintains that 17.1 grams of cocaine

results in the lowest possible Guideline base offense level of 12.

Defendant also notes that he has not threatened anyone and did not have a firearm when stopped in February 2022, or on his person or in his residence when he was arrested.

The Court agrees with defendant that, although serious, the nature and circumstances of the offense do not support detention given the relatively small amount of drugs and the absence of a firearm. Also, defendant was cooperative with law enforcement at the traffic stop, and was arrested without incident on this Indictment.

**(b) The weight of the evidence**

The government asserts that the evidence against defendant is strong with respect to his danger to the community and risk of nonappearance given that he was dealing counterfeit and real cocaine from New York to Ohio while on state parole in New York.  Furthermore, he has no ties to Ohio which makes him a flight risk especially given the penalties he faces here.

The Court agrees with defendant that the government has presented nothing more than the assertions in the Indictment which defendant has rebutted with some evidence. Moreover, while he has no ties to Ohio, as discussed below, his family has made assurances that he will make his court appearances here.

**(c) The history and characteristics of defendant**

The government asserts that this factor weighs in favor of detention given that defendant has no ties to Ohio and has a history of drug possession.  Also, defendant committed this offense while on parole in New York.

Although defendant does not have ties to Ohio, he has noted that his fiancé (who works as a nurse and owns a vehicle) picked him up here after the traffic stop, and she is willing to

drive him to Cleveland for court appearances. As to his personal characteristics, defendant states that he has lived in the New York City area his whole life, and has a close relationship with his mother, sister, nieces, nephews, and cousins. He helps his sister with her children. Defendant's mother and sister have both agreed to be financially responsible for defendant if he is released on bond. He and his fiancé have shared an apartment for several years and he has shared custody of his minor daughter.

As to his state parole status, defendant maintains that New York did not violate him for the Ohio traffic stop, and he was successfully terminated from the parole in September 2022. Form the time he was released from parole until his arrest on this Indictment, defendant had no contact with law enforcement.

This factor also weighs in favor of release.

**(d) Nature and seriousness of the danger to any person or the community**

The government argues that defendant will continue to pose a danger to the community considering that he engaged in drug trafficking despite having spent six years incarcerated for prior narcotics convictions. But, defendant contends that law enforcement's decision to release him after the traffic stop in February 2022 and to allow him to remain in the community for the next 14 months undermines this argument. More importantly, however, since February 2022, defendant has remained in the community without incident. The Court agrees with defendant that this minimizes the argument that he presents a danger to the community  Additionally, defendant's state parole was successfully terminated in September 2022.

Nor does the Court agree that the government has shown that defendant is a flight risk. He has spent his life in the New York City area where his extended family lives and who appear

to be very supportive of him. It was demonstrated at the detention hearing that defendant traveled outside the United States only once (to the Dominican Republic as a child), he has no passport, and he has only one failure to appear in 2009. (Doc. 10-1 at 14, 19). The Magistrate Judge was confident that he had family support who would co-sign on his bond (his mother and sister) and would make sure that he appears in court in the Northern District of Ohio. (*Id.* at 24). Current counsel also received confirmation from defendant's fiancé that she has a vehicle and is willing to drive defendant to Cleveland for any court hearings.

This factor weighs in favor of continued release.

**Conclusion**

For the foregoing reasons, the United States of America's Motion to Revoke Order of Release is denied.

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Court
Dated: 4/26/23                      Chief Judge